NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROY FISHER; et al., | No. 18-16982 |
| Plaintiffs, | D.C. No. 4:74-cv-00090-DCB |
| UNITED STATES OF AMERICA, | |
| Intervenor-Plaintiff, | MEMORANDUM[*] |
| and | |
| MARIA MENDOZA, Individually and on behalf of Stephen Mendoza, | |
| Plaintiff-Appellant, | |
| v. | |
| TUCSON UNIFIED SCHOOL DISTRICT, | |
| Defendant-Appellee. | |

| | |
|---|---|
| ROY FISHER; et al., | No. 18-16983 |
| Plaintiffs-Appellants, | D.C. No. 4:74-cv-00090-DCB |
| and | |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MARIA MENDOZA, Individually and on behalf of Stephen Mendoza; EDWARD A. CONTRERAS,

Plaintiffs,

UNITED STATES OF AMERICA,

Intervenor-Plaintiff,

v.

TUCSON UNIFIED SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted July 13, 2020
San Francisco, California

Before: WARDLAW and IKUTA, Circuit Judges, and TAGLE,** District Judge.

The Tucson Unified School District (the School District) appealed, and the Fisher and Mendoza plaintiffs cross-appealed, from the district court's interlocutory order granting partial unitary status in response to the Special Master's 2016-17 Annual Review. We dismissed the School District's appeal for

---

** The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

lack of jurisdiction, *see Fisher v. Tucson Unified Sch. Dist.*, No. 18-16926, 2019 WL 4954613, at *1 (9th Cir. July 29, 2019), and we now dismiss the plaintiffs' cross appeals for the same reason.

The district court's order is not immediately appealable under 28 U.S.C. § 1292(a)(1) because it does not have the "practical effect" of modifying the Unitary Status Plan. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981). The Unitary Status Plan expressly permits a grant of partial unitary status, so the district court's exercise of its authority to do so did not modify the plan. *See Thompson v. Enomoto*, 815 F.2d 1323, 1327 (9th Cir. 1987). The district court's order did not "substantially alter[]" the parties' legal relationship, *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1037 (9th Cir. 1998), because the district court retained plenary jurisdiction to "enforce every term" of the Unitary Status Plan and did not relieve the School District of any of its obligations under the plan, including its responsibility to comply with the notice-and-request-for-approval provisions. Moreover, the district court confirmed that the purpose of its order was to inform the community that the School District had made progress in implementing the Unitary Status Plan, not to modify the plan.

We acknowledge the plaintiffs' argument that the district court's order had the effect of shifting the burden of proof from the School District, *Fisher v. Tucson*

3

*Unified Sch. Dist.*, 652 F.3d 1131, 1135 (9th Cir. 2011), to the plaintiffs to show the School District's non-compliance in those areas for which the court granted partial unitary status. Nevertheless, this effect (if any) does not rise to the level of a "serious, perhaps irreparable, consequence," *Carson*, 450 U.S. at 84 (citation omitted), because the School District will retain the ultimate burden of proving its entitlement to full unitary status, *see Fisher*, 652 F.3d at 1135.

We therefore lack jurisdiction over the plaintiffs' interlocutory cross appeals, *see Carson*, 450 U.S. at 83, and do not reach the merits of the plaintiffs' challenges to the district court's order.

**DISMISSED**.[1]

---

[1] Appellee's Motion to Strike Argument in Reply Brief (ECF No. 45) is **DENIED AS MOOT**.